## Commonwealth, By, &c. v. Unknown Heirs of H. H. Haynes, Deceased, et al.

(Decided May 21, 1920.)

### Appeal from Muhlenberg Circuit Court.

1. Escheat—Finding That Owner Died Leaving Heirs—Evidence—Sufficiency.—In an action to escheat real property on the ground that the owner died without heirs, evidence examined and held to sustain the court's finding that certain intervening claimants were the heirs of the owner.

2. Escheat—Statute—Construction.—Section 1606, Kentucky Statutes, provides for the escheat of two classes of property: (1) Undevised property of persons who die without heirs or distributees entitled to the same. (2) Devised property not claimed within eight years after the death of the testator by the devisee or the heir, distributee, or devisee of the devisee, or of the testator; and the statute does not apply to a case where the heir or distributee of an owner, who died intestate, failed to claim the property within eight years.

W. C. JOHNSON for appellant.

W. O. BELCHER and WALKER WILKINS for appellees

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Commonwealth of Kentucky, through its escheator, S. L. Pannell, brought this suit against the unknown heirs of H. H. Haynes, for the purpose of escheating a two-thirds interest in certain lands located in Muhlenberg county, on the ground that Haynes, the owner, had died without heirs, and that no one had claimed the property since his death. During the progress of the action, Nannie VanMeter and others filed a petition, asking to be made parties and setting up a claim to the land as heirs of H. H. Haynes, and praying that their title be quieted. On final hearing the petition was dismissed, and Nannie VanMeter and others, were adjudged to be the owners of the land. The Commonwealth appeals.

The land in controversy was conveyed to H. H. Haynes in the year 1871. In the early seventies there were two H. H. Haynes in Muhlenberg county. One of them, who was from Mississippi, came there with his nieces and was unmarried. After living there for a while, he went south and died without issue. There was

evidence tending to show that he was the purchaser of the land. There was another H. H. Haynes, who was the ancestor of appellees. He was a surveyor, and several witnesses say that he was the owner of the land. In addition to this, there was evidence that the latter was a dealer in coal and mineral lands. He often talked to members of his family about his lands in Muhlenberg county, and made frequent trips to that county to look after his lands. He also organized a company to work lands in Muhlenberg county. During a period of four or five years, he spent several weeks of each year at Rockport, which is located near the lands in controversy. On the other hand, there was evidence that the other H. H. Haynes was in Leitchfield for the benefit of his health. He stayed close to his room, and was not known to have any business dealings there. One of his nieces paid his living expenses. During most of the time he was in bad health, and unable to transact any business. Upon the whole, we conclude that the evidence fully supports the court's finding that the H. H. Haynes, who was the owner of the land in controversy, was Haynes, the surveyor, and that appellees are his heirs.

But it is insisted that even if H. H. Haynes died, leaving appellees as his heirs, the Commonwealth is nevertheless entitled to escheat the land, because none of appellees had claimed the land within eight years after his death. The statute, which is section 1606, Kentucky Statutes, is as follows:.

"That part of estates lying or found in this Commonwealth not disposed of by will of persons who have died, or may hereafter die, without heirs or distributees entitled to the same, or which have been or may hereafter be devised to any person who, or any heir or distributee or devisee of his, or of the testator, has not claimed the same, or shall not claim the same within eight years after such death, shall vest in the Commonwealth subject to the debts and liabilities of the decedent."

It will be observed that the statute provides for the escheat of two classes of property in this Commonwealth: (1) Undevised property of persons who die without heirs or distributees entitled to the same. (2) Devised property not claimed within eight years after the death of the testator by the devisee, or the heir, distributee, or devisee of the devisee, or of the testator. In other words the failure of the persons named to claim

the property within eight years after the death of the owner is a ground for escheat only where the property was disposed of by will. That being true, the statute does not apply to a case where the heir or distributee of an owner, who died intestate, failed to claim the property within eight years. This conclusion makes it unnecessary to determine whether the evidence of claim of the property by appellees was sufficient.

As the evidence sustains the finding of the circuit court that appellees are the heirs of H. H. Haynes, and since their failure to claim the property within eight years is not a ground of escheat, it follows that the judgment was proper.

Judgment affirmed.