## Commonwealth, for Use and Benefit of Board of Education of Louisville, et al. v. Schultz's Unknown Heirs et al.

(Decided May 28, 1937.)

WILLIAM T. BASKETT for appellants.

W. OWEN KELLER, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

Appellants, plaintiffs below, brought this suit in the Franklin circuit court against appellees, pursuant to section 4399-56, Kentucky Statutes, by which they sought judgment against appellees, adjudging that certain funds in the hands of appellees as Treasurer and Auditor, respectively, of the Commonwealth of Kentucky, which funds represent the net assets of the estate of Alexander Schultz, deceased, have escheated to the Commonwealth of Kentucky and under the Statute, supra, the title to said funds has vested in the Board of Education of Louisville, Ky., for the use and benefit of the public schools of Louisville, and that appellants be required to pay over said funds to said Board of Education of Louisville.

There is no dispute about the facts, which are set out in the petition, in substance, as follows:

Alexander Schultz died intestate on the 28th day of March, 1935, a resident of Louisville, Jefferson county, Ky. He was never married and never had any children and left surviving him no heirs at law or distributees entitled to inherit his estate, and left certain personal property in the form of stocks, bonds, and cash. D. A. Driscoll was duly appointed by the Jefferson county court administrator of the estate of deceased and qualified according to law. In an action, No. 243935, Jefferson circuit court, said D. A. Driscoll, as administrator of the estate of deceased, filed a suit to settle and distribute his estate, to which suit there was made party defendants all the creditors of deceased, and as unknown defendants, the unknown heirs of deceased. A warning order attorney was appointed to defend for the said unknown defendants, and upon a trial of the case a judgment was duly and regularly en-

tered in said action providing for the settlement of decedent's estate and for the payment of debts and costs of administration, and after the payment of same there remained a balance of $5,397.49 in cash in the hands of the administrator, which sum, under judgment of the court pursuant to section 1606 of the Kentucky Statutes, was on the ——day of May, 1936, paid by the administrator of deceased to John E. Buckingham, Treasurer of the Commonwealth of Kentucky, and that sum of money is now in his hands and all debts and liabilities of deceased have been paid in full.

Plaintiffs further stated that under section 1606, Kentucky Statutes, the said funds now in the hands of the Treasurer vested in the Commonwealth, and under section 4399-56, Kentucky Statutes, being a portion of chapter 65, of the Acts of the General Assembly of 1934, and also a part of the Kentucky Common School Law, which reads as follows:

> "So much property in each school district as from any cause shall escheat to the Commonwealth of Kentucky, shall vest in the board for the use and benefit of the public schools in said district. Said board may, in the name of the Commonwealth, for the use and benefit of the said schools, by its chairman or other officer to be designated by it, enter upon and take possession of said property, or sue for and recover the same by action at law or in equity. The board may sell and convey any of such property by warranty deed or otherwise,"

the sum now in the hands of the State Treasurer aforesaid has escheated to the Commonwealth for the use and benefit of the Board of Education of Louisville, Ky., and that plaintiff is entitled to same and to have the Auditor of Public Accounts to draw his warrant in said sum on the State Treasury in favor of the Board of Education, and that the defendant, John E. Buckingham, State Treasurer, honor same and pay said sum to the Board of Education of Louisville, Ky.

The usual allegations were made for a warning order to be issued against the unknown defendants, and they prayed that it be adjudged that the said sum of money in the hands of the Treasurer aforesaid has escheated to the Commonwealth and that the title thereto has vested in the Board of Education of Louisville

for the use and benefit of the public schools of Louisville and that the defendant be required to pay same to said Board of Education.

Clyde E. Reed was appointed warning order attorney and filed his report stating that he had made diligent effort by mail and otherwise to locate the unknown defendants and unknown heirs of the deceased, or any person that would be legally entitled to the balance of the proceeds of decedent's estate, but that he has been unable to locate the unknown defendants or unknown heirs of deceased or any other person that is or might be legally entitled to the balance of the proceeds of said estate, and therefore has been unable to inform them of the nature or pendency of the action. He further stated that he had not sufficient information or knowledge to form a belief, and therefore denied the allegations of the petition, except those relating to the procedure and judgment had in the Jefferson circuit court, which, he stated, he found to be true. He further asked and recommended to the court that proof be required of plaintiff that the deceased left surviving him no heirs or distributees entitled to inherit his estate and of the right or authority of the plaintiffs to the use and benefit of said money.

The defendants filed a demurrer to the petition and without waiving same filed their joint answer denying that the plaintiffs are entitled to the sum of $5,397.49, or any other sum now held by them, and further pleaded affirmatively that the sum of money now being held by the Treasurer of the Commonwealth of Kentucky is held by him by virtue of section 1606, Kentucky Statutes, which authorizes him to hold said funds for a period of eight years before escheat and denied that said funds have escheated.

Evidence was taken by interrogatories but failed to disclose that the deceased left any heirs at law entitled to inherit his estate. Since the sufficiency of the evidence nor any other question of fact is at issue. it becomes unnecessary to discuss the evidence further than to say that it appears that diligent effort was made to locate legal heirs or others entitled to the estate of deceased and none could be located.

The case was submitted on the record as we have indicated, and the court sustained the demurrer to the

petition, and plaintiffs declining to plead further, **their** petition was dismissed. This appeal follows.

The defendants did not deny the allegations of the petition with reference to the proceedings had and judgment rendered in the Jefferson circuit court adjudging that the property had escheated and ordering same paid to the Treasurer of the Commonwealth of Kentucky as escheated property, and by the demurrer these allegations were admitted. The demurrer was not insisted on in the lower court nor is it mentioned in brief of counsel on this appeal, and the only issue or question presented is the construction of section 1606 of Kentucky Statutes, which reads as follows:

> "That part of estates lying or found in this Commonwealth not disposed of by will of persons who have died, or may hereafter die, without heirs or distributees entitled to the same, or which have been or may hereafter be devised to any person who, or any heir or distributee or devisee of his, or of the testator, has not claimed the same, or shall not claim the same within eight years after such death, shall vest in the Commonwealth subject to the debts and liabilities of the decedent."

A careful analysis of the statute, supra, discloses that it deals with two classes of property, (1) devised property, and (2) undevised property, and it appears that the eight years' limit provided in the statute applies to devised property only. The two classes of property are included in the same section of the statute and in the same sentence, but it appears that the two classes of property mentioned are separated in the sentence by the word "or," in the disjunctive, indicating distinct classes, and the eight-year provision is limited to that part of the sentence dealing with devised property. This section of the statute was construed by the court in the case of Commonwealth v. Unknown Heirs of Haynes et al., 188 Ky. 256, 221 S. W. 541, 542. We said:

> "It will be observed that the statute provides for the escheat of two classes of property in this commonwealth: (1) Undevised property of persons who die without heirs or distributees entitled to the same. (2) Devised property not claimed within eight years after the death of the testator by the devisee, or the heir, distributee, or devisee of the

devisee, or of the testator. In other words, the failure of the persons named to claim the property within eight years after the death of the owner is a ground for escheat only where the property was disposed of by will. That being true, the statute does not apply to a case where the heir or distributee of an owner, who died intestate, failed to claim the property within eight years."

The case, supra, was not determined upon the exact question involved in the present case, but the construction of the statute was involved, and it is clearly stated that the eight-year limitation provided therein does not apply to the property of a person who died intestate. We think the reason for the distinction is obvious. When a person leaves a will naming certain devisees or other distributees, it creates a strong presumption that such person or persons are in existence, and the eight-year waiting period was provided for the purpose of locating such persons and to give them time to claim the property before it escheats. But in the case of intestacy, once a diligent effort is made to locate legal heirs who may be entitled to the property under the statute of descent and distribution, and none being revealed or located, the property then escheats.

It is our conclusion, therefore, that the funds of deceased's estate now in the hands of John E. Buckingham, Treasurer of the Commonwealth of Kentucky, has escheated to the Commonwealth, and under section 4399-56 of the Statutes the appellant Board of Education of the City of Louisville is now entitled to said fund.

For the reasons stated the judgment is reversed and remanded for proceedings consistent with this opinion.